## Neely, Administrator v. Acme Markets, Inc.

*William E. Clinger, Jr.,* for plaintiff.

*Robert L. Wolfe,* for defendant.

FLICK, J. (Specially Presiding), January 18, 1969. —Plaintiff brought suit in trespass against defendant by survival action on behalf of the husband and mother of decedent, Jacqueline L. Swift, a/k/a Jacqueline E. Neely, a/k/a Jacqueline L. Neely, a/k/a Jacqueline E. Scott, to recover for the pecuniary loss suffered by the survivors including medical and surgical bills of $289, hospital bills of $1,002.75 and funeral expenses of $1,478.73, and by wrongful death action.

The complaint averred that plaintiff's decedent was shopping in defendant's store when she slipped and fell because of liquid soap spilled on the floor and allowed to stand there, and that she died about one hour after being operated on for the purpose of excising a disc in her back which became dislocated as a result of her fall in defendant's store. At the time of her death, decedent was 49 years old with a life expectancy of 28.7 years. To the complaint, defendant filed an answer admitting only the identity of the parties, ownership of the store by defendant, that plaintiff's decedent brought no action for personal injuries during her lifetime, that I. J. Neely was duly appointed administrator c.t.a. of decedent's estate on January 16, 1967, but denied that he is her husband. The answer also averred new matter as follows:

"18. On October 19, 1966 the Plaintiff entered into a contract of settlement of the foregoing cause of action upon which the Plaintiff now sues with the Defendant, Acme Markets, Inc. in the amount of $6,780.43, a copy of said agreement is attached hereto and made a part hereof.

"19. That said sum of $6,780.43 is to be paid to the Plaintiff at such time Plaintiff was the duly appointed Administrator of the Estate of the decedent.

"20. That notwithstanding the Plaintiff has been the duly appointed and qualified Administrator C.T.A. of the Estate of the decedent, Plaintiff has not so informed the Defendant until the commencement of the within action in trespass.

"21. That the Defendant is willing and able to make payment to the Plaintiff under the terms of said contract".

Plaintiff then filed preliminary objections to the new matter and defendant filed an answer to the preliminary objections. After oral argument before the court in support of the preliminary objections and in

opposition thereto, briefs were filed by counsel for both parties. The arguments of counsel have been considered by the court, the briefs have been studied, and the pleadings in this case have been carefully reviewed. A determination on plaintiff's preliminary objections will now be made.

The "contract of settlement" referred to in defendant's answer under the heading "new matter", above quoted in full, is a handwritten writing which reads in full as follows:

"Jacqueline Neely — Acme Markets

> Cherry Grove, Penna.
> October 19, 1966,
> 12:15 PM

It is agreed that the above claim which dates to 6/29/66 at Acme Markets in Warren, Penna. will be settled at the agreed price of $6780.43 which includes all expenses. These expenses, which total $2780.43 will be paid directly to the billing parties by Acme Markets, if possible. The remaining sum of $4000.00 will be paid directly to Mr. I. J. Neely, Box 252, Sheffield, Penna. Pharmaceutical of $9.95 will be reimbursed to Mr. Neely.

(s) Daniel C. Lewis      (s) I. J. Neely      "

Plaintiff's preliminary objections aver that the facts set forth in the new matter of defendant's answer do not set forth a contract of settlement between plaintiff and defendant, and that such facts show that the alleged contract of settlement was a contract to be performed in the future and that promises contained therein were not supported by consideration; that there never was a meeting of the minds of the parties and therefore a contract of settlement was never completed; and that facts pleaded as new matter "show that plaintiff made an offer of settlement to defendant, but that this offer was never accepted by defend-

ant", and that plaintiff withdrew the offer by filing the complaint in this action. The preliminary objections also aver that the alleged contract of settlement was executed before plaintiff was appointed administrator c.t.a. of decedent's estate. For such reason, plaintiff seeks to have the new matter contained in defendant's answer stricken from the pleadings. In his answer to plaintiff's preliminary objections, defendant's counsel denies plaintiff's claim that no contract of settlement was entered into, denies that no consideration was given, averring that the writing shows "a promise given for a promise". Defendant's answer to plaintiff's preliminary objections also avers that "this agreement is signed by both parties to the action and thus there was a meeting of the minds necessary to make an agreement". This is the first indication in the pleadings that the written name "Daniel C. Lewis" is the signature of defendant's agent, acting for defendant. It is also denied that the writing is an offer of settlement, never accepted by defendant and withdrawn by plaintiff by the filing of the complaint, and it is averred that the agreement was accepted by defendant at the time and place indicated therein, Cherry Grove, Pa., October 19, 1966, at 12:15 p.m. As to the averment that the so called agreement is signed by plaintiff I. J. Neely individually and not as administrator c.t.a. of decedent's estate, it is averred that plaintiff individually had no authority to settle decedent's claim and a settlement could only be made by him in his capacity as an administrator.

The issue raised by plaintiff's preliminary objections to the new matter pleaded in defendant's answer to the complaint, and defendant's answer to said preliminary objections, seems to involve no dispute of fact, but only the interpretation and legal effect of the writing dated October 19, 1966, and signed by I. J. Neely. Does this writing amount to a binding contract

between the parties? If it does, plaintiff has settled the claim on which suit was brought and a full release should be delivered to defendant upon payment to plaintiff of $6,780.43. In the court's opinion this writing does amount to a binding contract. It clearly refers to "the agreed price of $6780.43—which includes all expenses" for settlement of the claim of Jacqueline Neely v. Acme Markets, and states that "it is agreed" that said claim "which dates to 6/29/66 at Acme Markets in Warren, Penna. will be settled" for $6,780.43. The writing goes on to provide for payment of the sum agreed upon in two parts, expenses of $2,780.43 to the billing parties and the sum of $4,000 directly to Mr. I. J. Neely. Quite obviously the language used shows there was a meeting of the minds, an agreement to settle the claim against defendant arising out of the death of plaintiff's decedent resulting from her fall in defendant's store.

The argument by plaintiff's counsel that the settlement agreement is not binding on plaintiff because it was signed by him as an individual and not as the duly appointed personal representative of the estate of his deceased wife is without merit. I. J. Neely is not a stranger to the situation or interloper. He is decedent's husband. This is a fact for which defendant's answer demands proof at the trial, but it is one of those situations customarily resolved at pretrial and agreed upon for trial. As surviving husband, I. J. Neely is entitled to the first $10,000 of his wife's estate plus one-half the balance, there being no surviving issue. This is more than the amount of the settlement, $6,780.43. He will not be allowed to make such a settlement as surviving husband and then disavow it after he has been appointed administrator c.t.a. of his wife's estate. If I. J. Neely entered into this settlement agreement in good faith, it is binding

on him as administrator of his wife's estate. It is reasonable to assume that the words "will be settled at the agreed price" contemplate that the settlement will be so settled when I. J. Neely has been appointed personal representative of his wife's estate.

Defendant must be given an opportunity to prove the facts averred as new matter in its answer to the complaint and to establish to the satisfaction of a jury the bona fides of the settlement agreement. To deny this right, because I. J. Neely entered into the settlement agreement before his appointment as administrator c.t.a., would amount to a denial of due process. Therefore plaintiff's preliminary objections to the new matter pleaded in defendant's answer to the complaint are dismissed. Plaintiff shall have an opportunity to answer the new matter by filing a reply so that the case is at issue and can be tried. If defendant establishes the settlement agreement as a bona fide instrument entered into in good faith by I. J. Neely, surviving husband of decedent, then defendant is entitled to a verdict. If the settlement agreement is not so established, and plaintiff proves his claim based on defendant's negligence, then plaintiff will be entitled to a verdict.

For the reasons stated in the foregoing opinion, the court enters the following order:

ORDER

And now, January 18, 1969, for the reasons stated in the foregoing opinion, it is hereby ordered that plaintiff's preliminary objections to the new matter pleaded in defendant's answer to the complaint are dismissed and plaintiff is allowed 45 days in which to file a reply to the new matter.

Because this order is not actually filed until February 5, 1969, the 45 days allowed for filing a reply is a reasonable extension.